UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD K. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>KITSAP TENANT SUPPORT SERVICES, INC.,<br><br>Respondent. | CASE NO. C13-5470 BHS<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |

This matter comes before the Court on Respondent Kitsap Tenant Support Services, Inc.'s ("Kitsap") motion to dismiss (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 13, 2013, Petitioner Ronald K. Hooks ("Hooks"), Regional Director for Region 19 of the National Labor Relations Board (the "Board"), filed a petition for preliminary injunctive relief pursuant to § 10(j) of the National Labor Relations Act. Dkt. 1.

ORDER - 1

1  On July 18, 2013, Kitsap filed a motion to dismiss. Dkt. 12. On August 5, 2013,
2  the Board responded. Dkt. 14. On August 9, 2013, Kitsap responded. Dkt. 41.

3  **II. FACTUAL BACKGROUND**

4  The Board consists of five members who are appointed for five-year terms by the
5  President with the advice and consent of the Senate. 29 U.S.C. § 153(a).

6  On January 4, 2013, President Obama appointed members Terence Flynn,
7  Shannon Block ("Block") and Richard Griffin, Jr. ("Griffin") to the Board. Although the
8  Senate was in session that day, President Obama chose not to nominate these individuals
9  for confirmation by the Senate.

10  On February 28, 2013, Hooks issued an Amended Consolidated Complaint in the
11  underlying administrative action. On March 27, 2013, Hooks subsequently issued a
12  Second Amended Consolidated Complaint, which was then amended on April 16, 2013.
13  On May 28, 2013, Hooks again amended the Complaint.

14  On July 16, 2013, the President submitted new nominations to the Board. On July
15  30, 2013, the Senate confirmed all five positions on the Board.

16  **III. DISCUSSION**

17  The Recess Appointment clause provides that the President "shall have Power to
18  fill up all Vacancies that may happen during the Recess of the Senate, by granting
19  Commissions which shall expire at the End of their next Session." U.S. Const. art. II, §
20  2, cl.3.

21  In this case, Kitasp contends that the Board is without power to act because it
22  lacks a properly appointed quorum. Kitsap has provided numerous recent cases for the

proposition that "Recess" means the period of time between an adjournment *sine die* and the start of the Senate's next session. *See* Dkt. 41 at 2–3 (listing cases). While none of these cases are binding, the Court has reviewed each case and finds the legal analysis persuasive. There is no need to add to what is thoroughly explained in *N.L.R.B. v. Enterprise Leasing Co. Southeast, LLC*, --- F.3d ----, 2013 WL 3722388 (4th Cir. 2013), and *N.L.R.B. v. New Vista Nursing and Rehabilitation*, 719 F.3d 203 (3rd Cir. 2013). Therefore, the Court adopts the reasoning in these cases and holds that "Recess" in the Recess Appointment Clause means the period of time between an adjournment *sine die* and the start of the Senate's next session.

As applied to the facts of this case, Hooks was without power to file the complaints against Kitsap in the underlying administrative matter. A petition for injunctive relief brought under Section l0(j) may be brought only "upon issuance of a complaint as provided in [29 U.S.C. § 160(b)]." 29 U.S.C. § 160(j). Without a valid complaint, Hooks is precluded from filing a petition for preliminary relief. Therefore, the Court grants Kitsap's motion to dismiss on this issue.

Hooks contends that, even if the Board lacks authorization, the actions of the Acting General Counsel Lafe E. Solomon ("Solomon"), including his delegation of authority to initiate legal action to Hooks, are still valid. First, Hooks asserts that President Obama validly appointed Solomon pursuant to the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345, *et seq.* Dkt. 13 at 14–21. The FVRA, however, only permits the appointment of a person under specific circumstances and the only circumstance that could apply to Hooks is appointing a person who, within the last 365

days, has served as a personal assistant to the departing officer. *Id.* § 3345(b). It is undisputed that Solomon has never served as a first assistant. Therefore, Hooks's argument is without merit.

Second, Hooks contends that the actions of Solomon are exempted from the penalty provisions of the FVRA and are, therefore, valid. Dkt. 13 at 17. Hooks is correct that the actions of Solomon are exempted from the penalty provision. This fact, however, does not grant him the authority to act pursuant to an improper appointment. Therefore, Hooks's argument is without merit.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Kitsap's motion to dismiss (Dkt. 12) is **GRANTED** and Hooks's petition is **DISMISSED**.

Dated this 13th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge